**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

THE SOUTHERN NEW ENGLAND          :
TELEPHONE COMPANY                 :
      Plaintiff                   :
                               :     CIVIL ACTION NO.
v.                                :     3-04-cv-2075 (JCH)
                               :
GLOBAL NAPS, INC.                 :     NOVEMBER 30, 2005
      Defendant                   :

## <u>ORDER</u>

The parties' Stipulated Confidentiality Order [Dkt. No. 43] is GRANTED. However, if either party wants to designate anything filed with the court as confidential and place it under seal, that party must make a separate motion in accordance with District of Connecticut Local Rule 5(d), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the court should depart from the strong presumption against sealing any court records to public inspection. <u>See</u> <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 597-99 (1978); <u>United States v. Graham</u>, 257 F.3d 143, 150 (2d Cir. 2001); <u>United States v. Amodeo</u>, 44 F.3d 141, 146 (2d Cir. 1995); <u>Video Software Dealers Assoc. v. Orion Pictures, Corp.</u> (In re Orion Pictures Corp.), 21 F.3d 24, 26 (2d Cir. 1994).

In limited circumstances and upon a showing of compelling circumstances, this court may order certain records to be sealed. However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." <u>Id</u>. at 27 (citation omitted); <u>see</u> <u>Securities & Exchange Comm'n v. The Street.com</u>, 273 F.3d 222, 232 (2d Cir. 2001).

Moreover, ordinarily, a court must make that determination on the basis of a careful, document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection.  See United States v. Amodeo, 71 F.3d 1044, 1051-51 (2d Cir. 1995).

If a party (hereinafter "filing party") intends to file anything that contains material designated by another party ("designating party") as "confidential," the filing party must give any designating party 5 days notice of intent to file.  If the designating party objects, it should notify the filing party and file a Motion to Seal no later than the filing date, and the filing party shall hold his pleadings containing any such designated material  until the court acts on the Motion to Seal, at which point the filing party should file within 5 days of the court's Order on the Motion to Seal.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 30th day of November, 2005.


/s/ Janet C. Hall                          
Janet C. Hall
United States District Judge

- 2 -