UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | : : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : : | 3:04-cv-2075 (JCH) |
| GLOBAL NAPS, INC., | : | |
| Defendant. | : | NOVEMBER 21, 2006 |

**RULING ON PLAINTIFF'S APPLICATION FOR AN ADDITIONAL PREJUDGMENT REMEDY [DOC. NOS. 208 and 210]**

The plaintiff, Southern New England Telephone Company ("SNET"), brings this application for an additional prejudgment remedy against the defendant, Global NAPS, Inc. ("Global"), requiring Global to bring assets into Connecticut and deposit those assets with the Clerk of the Court pending a final judgment. The purpose of the application is to satisfy the $5.25 million prejudgment remedy that the court previously granted in this matter. (Doc. No. 129.) SNET makes its application to the court pursuant to Federal Rules of Civil Procedure Rule 64 and Connecticut General Statutes § 52-278a et seq.

As a preliminary matter, the court must treat SNET's application as a request for an injunction. Inter-Regional Financial Group, Inc. v. Hashemi, 562 F.2d 152, 154 (2d Cir. 1977). Therefore, the court can only order Global to bring assets into Connecticut upon a finding of probable cause that SNET would otherwise suffer irreparable harm.[1]

---

[1] SNET argues that the court need not make a finding of irreparable harm to compel Global to bring assets into Connecticut, citing mainly to Lyons Hollis Assoc., Inc. v. New Technology Partners, Inc., 278 F.Supp.2d 236 (D.Conn. 2003) and Hamma v. Gradco Systems, Inc., 1992 WL 336740 (D.Conn. 1992). Application at 3. Because the court in Lyons Hollis did make a finding of irreparable harm, this decision clearly does not support SNET's contention. See Lyons Hollis, 278 F.Supp.2d at 246 ("The evidence . . . sustains the Court's decision that it should act in equity to protect Lyons Hollis from the irreparable harm it would suffer should NTP

Sec. Ins. Co. of Hartford v. Trustmark Ins. Co., 221 F.R.D. 300, 301 (D.Conn. 2003).

The Second Circuit has held that "[i]f an injury can be appropriately compensated by an award of money damages, then an adequate remedy at law exists, and no irreparable injury may be found to justify specific relief." Register.Com, Inc. v. Verio, Inc., 356 F.3d 393, 404 (2d Cir. 2004). In the instant case, SNET has made no showing of irreparable harm, even if, as SNET argues, Global becomes judgment proof at the end of these proceedings. This is because SNET's damages are quite simple to establish and measure. Therefore, the court does not find irreparable harm. See Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 69 (2d Cir. 1999) (holding that irreparable harm may be found where damages are difficult establish).

In holding as such, the court also rejects the plaintiff's argument that it can order the additional remedy under the All Writs Act, 28 U.S.C. § 1651. The Act grants federal courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Requiring Global to bring assets from outside this district is in no way necessary or appropriate to secure the court's jurisdiction over this matter.

For the foregoing reasons, the SNET's Application for Additional Prejudgment Remedy (Doc. Nos. 208 and 210) is DENIED.

---

dispose of the assets from which a judgment may be collected.") Hamma also does not lend support to SNET's argument that it need not show irreparable harm. In Hamma, the court merely stated that courts routinely issue orders ancillary to prejudgment remedies "without finding *likelihood of success on the merits*." Hamma, 1992 WL 336740 at *3 (emphasis added). Nowhere does the opinion state that a court can order a party to bring in assets from outside the state to effectuate a prejudgment remedy without some finding of irreparable harm. Thus, the court rejects SNET's claim that it need not show irreparable harm to prevail.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of November, 2006.

        /s/ Janet C. Hall
        Janet C. Hall
        United States District Judge