UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, et al, Plaintiffs, | : : : : : : | |
| v. | : : | CIVIL ACTION NO. 3:04-cv-2075(JCH) |
| GLOBAL NAPS, INC., GLOBAL NAPS NEW HAMPSHIRE, INC., GLOBAL NAPS NETWORKS, INC., GLOBAL NAPS REALTY, INC., AND FERROUS MINER HOLDINGS, INC., Defendants. | : : : : : : : : | April 10, 2007 |

**RULING RE: DEFENDANTS' MOTIONS TO DISMISS [Doc. Nos. 343, 354, 356, 359]**

Plaintiff Southern New England Telephone Company ("SNET") brought this action against defendant Global NAPS, Inc. ("Global") on December 7, 2004. SNET's original Complaint alleged that Global had misrouted long-distance traffic of certain circuits not designated for such traffic, thereby depriving SNET of applicable access charges;[1] and that Global failed to pay SNET access charges specified in SNET's federal tariff for special access circuits Global ordered from SNET's tariff.[2]

On December 9, 2006, SNET filed an Amended Complaint, which named as defendants Global NAPS New Hampshire, Inc. ("Global NH"), Global NAPS Networks, Inc. ("Global Net"), Global NAPS Realty, Inc. ("Global Realty"), and Ferrous Miner

---

[1] This court stayed SNET's misrouting claims under the doctrine of primary jurisdiction on October 26, 2005 (Doc. No. 38).

[2] This court entered summary judgment in favor of SNET on twenty-one of the twenty-six circuits at issue on March 27, 2007 (Doc. No. 406).

Holdings, Inc. ("Ferrous Miner"). All of the defendants are Delaware corporations with principal places of business at 10 Merrymount Street in Quincy, Massachusetts. SNET's Amended Complaint alleges that the defendants' corporate structure is a "sham" (Am. Compl. ¶ 15), and seeks to hold the defendants collectively liable for the underlying allegations set forth in SNET's original Complaint.

All four new defendants have moved to dismiss the Amended Complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Ferrous Miner has also dismissed the Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6). For the reasons that follow, the defendants' motions to dismiss (Doc. Nos. 343, 354, 356, 359) are DENIED.

## I. DEFENDANTS' RULE 12(b)(2) Motions

### A. Standard of Review

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Met. Life Ins. Co. v.. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir.1996). "Where a court relies on pleadings and affidavits, rather than conducting a 'full-blown evidentiary hearing,' the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." Distefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir.2001). "A plaintiff can make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant." Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir.2001)(quotation marks omitted). All allegations are

2

construed "in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." Id. (quotation marks omitted).

"In diversity or federal question cases the court must look first to the long-arm statute of the forum state. . . ." Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27 (2d Cir.1997). "Connecticut utilizes a familiar two-step analysis to determine if a court has personal jurisdiction. First, the court must determine if the state's long-arm statute reaches the [defendant]. Second, if the statute does reach the [defendant], then the court must decide whether that exercise of jurisdiction offends due process." Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir.1995).

**B.     Discussion**

   1.     Jurisdiction under Connecticut's Long-Arm Statute

Connecticut's personal long arm statute provides, in pertinent part:

> [A] foreign corporation is subject to suit in Connecticut on any cause of action arising (1) out of any contract made in this state or to be performed in this state, (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, or (4) out of tortious conduct in this state.

Conn. Gen. Stat. § 33-929(f). The moving defendants essentially argue that SNET has not made out a prima facie case that Connecticut's long-arm statute reaches them 1) because none of the new defendants were parties to the interconnection agreement ("ICA") at issue in this law suit and 2) because SNET does not allege that its claims arise out of any business conducted by the moving defendants in Connecticut. E.g. Ferrous Miner Mem. at 5-6.

The court disagrees. SNET's overarching theory of recovery is that the

3

defendants are not distinct corporate entities, such that Global's acts are really the acts of each defendant. To this end, SNET's Amended Complaint alleges that the defendants were all involved in ordering, but not paying for, special access circuits from SNET's federal tarrif. Am. Compl. ¶¶ 29-33. The Amended Complaint also sets forth the defendants' misrouting of interexchange traffic in order to circumvent federal and state regimes for access charges. Id. ¶¶ 34-46. Based on these averments, SNET has made out a prima facie showing that this court's exercise of personal jurisdiction over the new defendants is appropriate under Connecticut's long-arm statute.

2. Jurisdiction Under the Due Process Analysis

"The due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir.1996). To accord with the demands of due process, a non-resident defendant must have "certain minimum contacts" with the forum jurisdiction "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Wash., Office of Unempl. Comp. and Pl., 326 U.S. 310, 316 (1945). "Due process requires that the foreign defendants either have engaged in continuous and systematic activities in the forum or that they have purposefully directed their activities at residents in the forum and the litigation results from alleged injuries that arise out of or relate to those activities." FDIC v. Milken, 781 F.Supp. 226, 229 (S.D.N.Y.1991) (citing Burger King Corp. v. Rudzewicz, 471 U .S. 462, 472 (1985)). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Rudzewicz, 471 U.S. at 475.

4

Nonetheless, "[s]o long as it creates a substantial connection with the forum state, even a single act can support jurisdiction." Id. at 475 n. 18 (citing McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957)).  The "reasonableness" test is related to the minimum contacts analysis and "asks whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'-that is, whether it is reasonable under the circumstances of the particular case." Metropolitan Life, 84 F.3d at 568 (quoting Int'l Shoe, 326 U.S. at 316).

The moving defendants all allege that SNET's "alter ego" allegations, through which SNET seeks to pierce the corporate veil and disregard the new defendants' formal separation, are insufficient to establish that the requirements of due process would be served by this court's exercise of personal jurisdiction.  E.g., Global Net Mem. at 9-12.  In supporting this position, the defendants rely on two different veil piercing tests.  Ferrous Miner, Global Realty, and Global NH argue that SNET has not adequately alleged that the new defendants' corporate separation was "pure fiction," as demanded by the Supreme Court's decision in Cannon Mfg. Co. v. Cudahy Packaging Co., 267 U.S. 333, 334-35 (1925).  E.g., Global NH Mem. at 10-11.  Global Net asserts that SNET's allegations fail the veil piercing tests established by Connecticut law, as set forth in Hale Propeller L.L.C. v. Ryan Marine Prod. Pty. Ltd., 98 F.Supp.2d 260, 264-65 (D.Conn. 2000).

The court finds the defendants' assertions to be without merit.  Whether under the Cannon "pure fiction" test, Connecticut's alter ego tests, or, as SNET suggests, principles of federal common law, SNET Opp. at 16-18, the allegations of SNET's Amended Complaint easily makes out a prima facie case that this court's exercise of

5

personal jurisdiction satisfies due process. See Am. Compl. ¶¶ 15-28 (setting forth facts supporting the "sham" nature of Global and the new defendants). The defendants' motions to dismiss for lack of personal jurisdiction are therefore denied.

## II. FERROUS MINERS RULE 12(b)(6) MOTION

### A. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A Rule 12(b)(6) motion to dismiss tests the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). Thus, such a motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted). "[W]hile bald assertions and conclusions of law will not suffice to state a claim, the district court, before granting a motion to dismiss, must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Tarshis v. Riese Org., 211

F.3d 30 (2d Cir. 2000) (internal citations omitted); see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### B. Discussion

Ferrous Miner contends that SNET does not state a claim for relief because the Amended Complaint fails to allege circumstances that warrant disregarding the formal separation of Ferrous Miner and the other defendants. The court disagrees. Based on the allegations contained in, *inter alia*, paragraphs 15-28 of the Amended Complaint, the court is not able to conclude that SNET will not be able to prove a set of facts entitling it to prevail on its claims against Ferrous Miner. Ferrous Miner's Motion to Dismiss under Rule 12(b)(6) is therefore denied.

### III. CONCLUSION

For the foregoing reasons, the defendants Motions to Dismiss (Doc. Nos. 343, 354, 356, 359) are DENIED.

**SO ORDERED.**

Dated this 10th day of April, 2007, at Bridgeport, Connecticut.

                                       /s/ Janet C. Hall
                                       Janet C. Hall
                                       United States District Judge