UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| THE SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:04-cv-2075 (JCH) |
| | : | |
| GLOBAL NAPS, INC. et al, | : | |
| Defendants. | : | October 19, 2007 |

**RULING RE: DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 504)**

**I.      INTRODUCTION**

The defendants, NAPs, Inc., Global NAPs New Hampshire, Inc., Global NAPs Networks, Inc., Global NAPs Realty, Inc., and Ferrous Miner Holding, Ltd. (collectively "Global") bring this Motion to Dismiss the non-stayed claims asserted by plaintiff Southern New England Telephone Co. ("SNET") for lack of subject matter jurisdiction. See Def.'s Mem. in Supp. of Mot. to Dis. ("Def.'s Mem.") at 1 (Doc. No. 504). Global's Motion is based on a theory that SNET's claims arise from a disagreement over the parties' interconnection agreement ("ICA") and that such disagreements must be heard in the first instance by the state utility commission which initially approved the ICA. Id.

**II.     DISCUSSION**[1]

Section 252(e)(6) of the Telecommunications Act states, in relevant part, that "[i]n any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate

---

[1]The court assumes the parties' familiarity with the long procedural and factual background of this case.

1

Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section." 47 U.S.C. § 252. Global argues that this language should be read to "confer strictly limited jurisdiction on federal court authority to review disputes over interconnection agreements." Def.'s Mem. at 9. In support of its position, Global relies heavily on the Third Circuit's recent decision in Core Communications, Inc. v. Verizon Pa., Inc., 493 F.3d 333 (2007).[2] In Core, the Third Circuit held that "the interpretation and enforcement actions that arise after a state commission has approved an interconnection agreement must be litigated in the first instance before the relevant state commission." Id. at 343. Global argues that because the court interpreted terms of the ICA in deciding the cross motions for summary judgment, SNET's claims require interpretation or enforcement of the ICA and are thus outside of this court's subject matter jurisdiction. Def.'s Mem. at 3.

The court finds that it need not address the question of whether SNET's claims arise under the ICA, or whether the Third Circuit's analysis of the administrative exhaustion requirement under section 252 is correct, because even assuming Global's position on those issues arguendo, the court finds that Global's argument asserts an

---

[2] Global also cites several other circuit court opinions in support of its interpretation of the statute. See Def.'s Mem. at 9-11. However, those cases are distinguishable in that they all arrived at the Circuit Court having been presented to the state utility commission in the first instance; those courts did not need to determine the question of whether a district court has jurisdiction to determine an ICA dispute in the first instance. See, e.g., Bellsouth Telecomm. v. MCIMetro, 317 F.3d 1270 (11th Cir. 2003) (stating in dicta that "the language of § 252 persuades us that in granting the public service commissions the power to approve or reject interconnection agreements, Congress intended to include the power to interpret and enforce in the first instance and to subject their determination to challenges in the federal courts"); Southwestern Bell v. Public Utility Comm. of Texas, 208 F.3d 465 (5th Cir. 2000); Puerto Rico Telephone Co. v. Telecomm. Regulatory Board of Puerto Rico, 189 F.3d 1 (1st Cir. 1999); MCI Telecomm. Corp. v. Ill. Commerce Com'n, 168 F.3d 315 (7th Cir. 1999).

affirmative defense, rather than a jurisdictional issue, and that that defense has been forfeited.

In a series of recent cases, the Second Circuit has expounded on the difference between a jurisdictional bar and a mandatory "claim-processing" rule, which is an affirmative defense subject to equitable considerations such as waiver, estoppel or futility.  See Paese v. Hartford Life and Accident Ins. Co., 449 F.3d 435, 443 (2d Cir. 2006); see also Zhong v. United States Dept. of Justice, 480 F.3d 104 (2d Cir. 2007); Richardson v. Goord, 347 F.3d 431 (2d Cir. 2003).  In Richardson, the Second Circuit adopted the Seventh Circuit's reasoning that the failure to exhaust administrative remedies is not jurisdictional unless it is "essential to the existence of the claim, or to ripeness, and therefore to the presence of an Article III case or controversy." Richardson, 347 F.3d at 434 (quoting Perez v. Wis. Dep't Corr., 182 F.3d 532, 535-6 (7th Cir. 1999)).  In finding that failure to exhaust administrative remedies under the Prison Litigation Reform Act (PRLA) was not a jurisdictional predicate, the court noted that the statute lacked the "sweeping and direct language that would indicate a jurisdictional bar rather than a mere codification of administrative exhaustion requirements."  Id.

The court applied similar reasoning in determining that exhaustion of administrative remedies under the Employee Retirement Income Security Act (ERISA) was an affirmative defense rather than a jurisdictional bar.  Paese, 449 F.3d at 445. There the court found that, despite the "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases," exhaustion had "little to do with the presence of an Article III case or controversy."  Id.  In support of its holding, the

court noted that "ERISA . . . does not even contain a statutory exhaustion requirement." Id.; see also Bowles v. Russel, __ U.S. __, 127 S.Ct. 2360, 2366 (2007)(finding that only limitations clearly established by statute are jurisdictional because "only Congress may determine a lower federal court's subject matter jurisdiction")(internal quotations omitted). In Zhong, the court was similarly persuaded that issue exhaustion requirements under the Immigration and Nationality Act (INA) were non-jurisdictional affirmative defenses, resting their decision primarily on the language of the statute which "does not expressly proscribe judicial review of issues not raised in the course of exhausting all administrative remedies." Zhong, 480 F.3d at 120.

Assuming, without deciding, that the Third Circuit's holding that administrative exhaustion is required under the Telecommunications Act is correct, the court finds that the exhaustion requirement is an affirmative defense rather than a jurisdictional bar. First, as in the statutes at issue in the Second Circuit cases discussed above, there is no language in the Telecommunications Act that expressly proscribes a district court from hearing a dispute concerning an ICA. See 47 U.S.C. § 252. In fact, the Third Circuit found that Congress had not provided "any guidance as to the proper interpretation and enforcement procedure" for the resolution of disputes concerning ICAs. Core, 493 F.3d at 341. Second, there is no reason that such an exhaustion requirement is "essential to the existence of the claim, or to ripeness, and therefore to the presence of an Article III case or controversy". Paese, 449 F.3d at 445. Global's ability to litigate this case for three years without raising this issue is a testament to the fact that a lack of administrative exhaustion has not impacted the existence of an Article III case or controversy.

The Third Circuit's own ruling also supports the conclusion that the exhaustion requirement is an affirmative defense. While the Third Circuit did not explicitly define this rule as a jurisdictional or claim processing rule, the court upheld the District Court's decision to dismiss the claim without prejudice.[3] Core, 493 F.3d 345. The District Court's ruling was explicit that

> [t]he issue is not one of federal jurisdiction. Requiring parties to seek review by a state commission of a dispute arising out of a an approved interconnection agreement does not exclude federal jurisdiction. It only imposes an intermediate step before getting to the federal court, not unlike an exhaustion requirement.

Core Communications, v. Verizon Pa., 423 F.Supp.2d 493, 500 (E.D.P.A. 2006).

This court's finding that any exhaustion requirement implied in section 252 is not jurisdictional is further supported by the Supreme Court's interpretation of the jurisdictional nature of section 252(e)(6) in Verizon Maryland Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 641-2 (2002). In Verizon, the Court faced the question of whether a District Court had jurisdiction to review a state commission's order concerning the "interpretation and enforcement" of an ICA. Id. While the Court declined to decide whether "a state commission's authority under § 252 implicitly encompasses the authority to interpret and enforce an interconnection agreement that the commission has approved, and that an interpretation or enforcement is therefore a 'determination under § 252' subject to federal review," the Court concluded that, "even if

---

[3]The court notes that one district court, which Global cites for support, adopts the Core rationale in finding that section 252(e)(6) "illustrates Congressional intent to deprive this Court of jurisdiction over disputes arising from the Agreement, at least in the first instance . . . . " See Attachment 1 to Notice of Supplemental Authority (Doc. No. 576), Pacific Bell Telephone Comp. v. Global Naps California, Inc., CV 05-7734 (C.D.C.A. October 1, 2007). This court respectfully disagrees that the Core holding is jurisdictional.

5

§ 252(e)(6) does not *confer* jurisdiction, it at least does not *divest* the district courts of their authority under 28 U.S.C. § 1331 to review the Commission's order for compliance with federal law."[4]  Id. at 642 (emphasis in original).  That is, the district court retained federal question jurisdiction over a claim arising out of the Telecommunications Act, absent statutory language in section 252(e)(6) divesting the court of such jurisdiction.[5]  Therefore, to the extent courts interpret section 252 to require exhaustion of administrative remedies, that requirement must be an affirmative defense rather than a jurisdictional bar.

Having concluded that the administrative exhaustion requirement identified by the Third Circuit, if it exists, is an affirmative defense, the court finds that this defense was forfeited by Global.  See Patterson v. Balsamico, 440 F.3d 104, 112 (2d Cir. 2006)(distinguishing between the term "waiver" which is "best reserved for a litigant's intentional relinquishment of a known right" and "forfeiture" which is "the failure to make the timely assertion of a right").  In Patterson, the Second Circuit found that the plaintiff had forfeited his right to assert an affirmative defense where he had forgone "extensive opportunities" to litigate it.  Id.

---

[4] This language directly contradicts the holding of Bell Atlantic-Virginia, Inc. v. Worldcom Technologies of Virginia, Inc., 70 F.Supp.2d 620, 624 (E.D.Va. 1999), a case cited by Global. See Def.'s Mem. at 12 n.6.  The Bell Atlantic-Virginia court found that the jurisdictional analysis is "limited to the Telecommunications Act" rather than 28 U.S.C. § 1331.  Bell Atlantic-Virginia, 70 F.Supp.2d at 624; see also Atlantic Alliance Telecommunications Inc. v. Bell Atlantic, 2000 WL 34216867, *3 (E.D.N.Y. 2000)(citing Bell Atlantic-Virginia in dicta for the proposition that "interpretation of terms of agreements that have already been approved must first be presented to state commissions before a federal court has jurisdiction").

[5] Global concedes that SNET plead a claim arising under federal law, over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331.  See Transcript of Motion Hearing held on October 3, 2007 (Doc. No. 582).

Similarly, the Global defendants have forfeited their right to assert this affirmative defense because they have forgone extensive opportunities to litigate it. Nowhere in their Answers did the Global defendants assert that Section 252 deprived this court of jurisdiction over SNET's claims because they must be heard by the state commission in the first instance. See Def'ts' Answers (Doc. Nos. 55, 244, 439, 441, 449, 450). Nor has Global raised this argument once during three years of litigating this case, including in the summary judgment phase, despite the fact that almost all of the cases cited in its Motion were decided before this case was filed. See e.g. Pl.'s Mem at 9-12. Therefore, to the extent that exhaustion of administrative remedies is required in cases under the Telecommunications Act, it is an affirmative defense and Global has forfeited that defense.

## III. CONCLUSION

For the foregoing reasons, Global's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 504) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of October, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

7