UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | : | |
|---|---|---|
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:04-cv-2075 (JCH) |
| | : | |
| GLOBAL NAPS, INC. et al, | : | |
| Defendants. | : | December 28, 2007 |

**RULING RE: VEIL PIERCING DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. No. 623) AND DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER (Doc. No. 627).**

**I. INTRODUCTION**

The veil-piercing defendants, Global NAPs New Hampshire, Inc., Global NAPs Networks, Inc., and Global NAPs Realty, Inc. (collectively the "veil-piercing defendants") move the court to reconsider its Ruling denying their Motion to Dismiss for Lack of Subject Matter Jurisdiction. See Ruling (Doc. No. 601). They, along with Global Naps, Inc. ("Global NAPs"), also move the court for leave to amend their answer to include the affirmative defense that was the subject of the Ruling. For the following reasons, their motions are denied.

**II. DISCUSSION**[1]

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the

---

[1] The court assumes the parties' familiarity with the long procedural and factual background of this case.

1

court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

In its Ruling, the court denied the Motion to Dismiss based on the conclusion that the administrative exhaustion issue raised by the defendants was an affirmative defense, rather than a jurisdictional bar, and that all of the defendants, including the veil-piercing defendants, had forfeited that defense. See Ruling at 6. The veil-piercing defendants move the court to reconsider that Ruling, based on the argument that they, unlike defendant Global Naps, Inc., had not forfeited the exhaustion defense because they had only been added as parties three or four months at the time the Motion to Dismiss was filed. See Def.'s Mem. in Supp. of Mot. to Recon. at 2 (Doc. No. 623). They do not assert that there has been an intervening change in the controlling law, or that there is newly discovered evidence.

Plaintiff, Southern New England Telephone, Co.'s ("SNET") claims against the veil-piercing defendants are "derivative of and wholly dependent upon SNET's claims against [Global NAPs, Inc.]". Pl.'s Mem. in Opp. at 4 (Doc. No. 642). As such, the only

2

relevant question regarding the veil-piercing defendants is whether they are, in fact, alter egos of the main defendant, Global NAPs. If the court determines the veil-piercing defendants are alter egos of Global NAPs, then any "proceeding against the original party [would be] equivalent to a proceeding against the newly added [alter ego] party." Associated General Contractors of Connecticut v. National Labor Relations Board, 929 F.2d 910, 914 (2d Cir. 1991). In that event, Global's forfeiture of the exhaustion defense would also constitute a forfeiture of that defense by the veil-piercing defendants. In the alternative, if the court determines the veil-piercing defendants are not alter-egos of Global, then SNET's claims against them will be dismissed. In either case, a determination of the veil-piercing defendant's motion to dismiss would depend on a determination on the merits of their status as alter egos of Global NAPs.

The Second Circuit has stated that "[w]here jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits, the trial court should employ the standard applicable to a motion for summary judgment." London v. Polishook, 189 F.3d 196, 198 (2d Cir. 1999)(internal quotation omitted). The court agrees with SNET that the issue of the veil-piercing defendant's status as alter-egos is not only "intertwined," but is entirely determinative of, the question of exhaustion of administrative remedies raised in their Motion to Dismiss. See Pl.'s Mem. at 6. As such, their Motion to Dismiss was properly denied pending a determination on the merits of SNET's alter ego claims under the standard for summary judgment.

Global NAPs and the veil-piercing defendants also move the court for leave to file an amended answer asserting the exhaustion of administrative remedies as an affirmative defense. See Def.'s Motion for Leave to File Amended Answer at 1 (Doc.

3

No. 627). Leave to amend "shall be freely given as justice requires," however it may be denied at the district court's discretion if the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962)(quoting Federal Rule of Civil Procedure 15(a)). The court already determined that Global NAPs forfeited the administrative exhaustion defense, and therefore the addition of this defense to their answer would be futile. See Ruling (Doc. No. 601). Similarly, for the reasons stated above, any assertion by the veil-piercing defendants of an administrative exhaustion defense would be futile because it would be entirely subsumed by the determination of their status as alter-egos. Therefore, both Global NAPs and the veil-piercing defendants' Motion for Leave to Amend is denied.

## III. CONCLUSION

For the foregoing reasons, defendants' Motion for Reconsideration (Doc. No. 623) is DENIED. Defendants' Motion for Leave to Amend (Doc. No. 627) is also DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of December, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge